**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THERESA BROOKE,<br><br>            Plaintiff,<br><br>       v.<br><br>KHATRI BROTHERS, L.P,<br><br>            Defendant. | Case No.: 1:16-cv-01465 - AWI-JLT<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

On November 7, 2016, Plaintiff notified the Court that the parties have settled the action. (Doc. 9) Thus, the Court ordered a request to dismiss the action to be filed no later than November 30, 2016. (Doc. 10) The parties were informed that "failure to comply with this order may result in the Court imposing sanctions, including the dismissal of the action." (*Id.* at 1, emphasis omitted.) To date, the parties have failed to comply with or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within seven days of the date of service of this Order why the action should not be dismissed for failure comply with the Court's order, or in the alternative, to file a request for dismissal.

IT IS SO ORDERED.

Dated:   **December 1, 2016**              /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE